UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROXANNE KHAZARIAN,

    Plaintiff,

    v.

GERALD METALS, LLC, METALS
TRADING CORP., GERALD
HOLDINGS, LLC, CRAIG DEAN, AND
DAN GAMEZ,

    Defendants.

No. 3:16-cv-01762 (VAB)

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Roxanne Khazarian ("Plaintiff") moved to compel discovery from Gerald Metals, LLC and Metals Trading Corp ("Defendants"), seeking the personnel file of Gary Lerner, an employee of Defendants. Pl's Mot. to Compel, ECF No. 63. Defendants object to the production of these documents on the grounds that Mr. Lerner is not an appropriate comparator for Ms. Khazarian and his personnel file is therefore irrelevant. Opp. to Mot. to Compel, ECF No. 74. For the reasons explained below, Plaintiff's motion is **GRANTED**.

The underlying lawsuit in this case involves allegations of age and sex discrimination, fraudulent misrepresentation, computer fraud, invasion of privacy, and defamation. Second Am. Compl., ECF No. 50. In this motion, Plaintiff seeks documents related to Gary Lerner's personnel file and employment records. Pl.'s Mot. to Compel 6. Plaintiff argues that "[t]he information is relevant to Ms. Khazarian's claims of discrimination in the terms and conditions of employment on the basis of age and gender, as set forth in the second amended complaint." *Id.*

at 7. Plaintiff plans to use Mr. Lerner's record as comparative evidence to support her age and sex discrimination claims. *Id.* at 10.

Defendants oppose Plaintiff's Motion to Compel, arguing that Mr. Lerner is not an appropriate comparator because he is Plaintiff's direct supervisor—not a similarly situated employee. Opp. to Mot. to Compel 1. Defendants argue that Mr. Lerner "held several positions that were well above Plaintiff's position at Gerald Metals, and as such did not have the same or similar workplace standards as Plaintiff" and is not an appropriate comparator. *Id.* at 6 (citing Second Am. Compl. ¶¶ 41, 154).

In her reply, Plaintiff reiterates the similarities between her position and Mr. Lerner's, emphasizing especially that they had the same title, General Counsel, at different companies within Gerald Metals, Metals Trading Corp. and Gerald Holdings LLC. Pl.'s Reply to Opp. to Mot. to Compel 2, ECF No. 75. Plaintiff asserts that Mr. Lerner was her supervisor "for some portion of Ms. Khazarian's employment with Gerald Metals," but argues that that "is but one fact of many that a jury will have to consider when determining whether they are proper comparators." *Id.*

A district court has broad discretion to grant a motion to compel discovery of nonprivileged matter relevant to any party's claim. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) (requiring "'clear showing of abuse of discretion'" to disturb a district court ruling on a motion to compel (quoting *United States v. Yonkers Bd. of Ed.*, 946 F.2d 180, 185 (2d Cir. 1991))).

The Court will not address whether Mr. Lerner is an appropriate comparator for Ms. Khazarian now, in the context of a discovery dispute. The parties may raise and address these arguments at the summary judgment stage. At this stage, Plaintiff argues that Mr. Lerner's

2

records are relevant to her employment discrimination claims. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *Bagley v. Yale Univ.*, 3:13-cv-1890 (CSH), 2015 WL 8750901 at * 7 (D. Conn. Dec. 14, 2015) (discussing 2015 amendments to Federal Rules of Civil Procedure and noting that under Rule 26(b)(1), even as amended, "information still 'need not be admissible in evidence to be discoverable.'" (quoting *State Farm Mutual Automobile Ins. Co. v. Fayda*, 14-cv-9792, 2015 WL 7871037 (S.D.N.Y. Dec. 12, 2015))). As a result, Mr. Lerner's personnel file is discoverable.

Obviously, to the extent that a protective order is necessary to protect any of the information relating to Mr. Lerner, the parties should address these issues and seek the Court's assistance, if needed. Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see In re September 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 142 (2d Cir. 1987)).

Therefore, Plaintiff's motion to compel is **GRANTED**.

SO ORDERED at Bridgeport, Connecticut, this __th day of November, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge